JJOBIAS, J.,
CONCURS AND ASSIGNS REASONS.
I respectfully concur.
Ordinarily, subsequently occurring events such as the asserted filing by the plaintiffs/appellants in the Philippines in response to the trial court’s ruling and the dismissal of their claims by a Filipino court should not be considered by this court because they are not matters that form part of the record on appeal. That is, as the majority correctly states, this court should not consider the supplemental fil *403 ings by the plaintiffs/appellants and the attachments thereto because the trial court never considered them in rendering its 27 March 2002 judgment of dismissal for forum non conveniens. Ordinarily, we would rule upon the issues presented in the appeal ^without the supplementations leaving it to the parties thereafter to file appropriate pleadings in the trial court to address the matters contained in the attachments.
However, in this particular case, judicial economy warrants the remand for the trial court to consider what happened in the Filipino courts. La. C.C.P. art. 2164. The trial court can explore the questions that I have as well as any questions that it might have. My questions are, inter alia, (1) why the filings and judgments in the Philippines are written entirely in the English language; (2) if the pleadings and proceedings in the Philippines were not conducted entirely in the English language, where are the original pleadings and the certified English translations; (3) the extent to which the Filipino pleadings were contested by the defendants/appellees; (4) the extent to which the matter was briefed in the Philippines; (5) the extent of appellate judicial review sought by the parties to the Filipino litigation; (6) a brief of the law of the Philippines on the issues; and (7) why the fifing of suit in Louisiana did not interrupt or suspend the prescriptive period under the law of the Philippines.